## Garrow v. Emanuel.

1. A judgment by default against an executor, and return of execution, "no property found," are conclusive evidence of a *devastavit* to the amount of the judgment, in a second action by the same plaintiff, against him in his individual capacity, suggesting a *devastavit*.
2. And the executor cannot in such second action, plead the insolvency of his testator's estate under the statute; his personal liability being fixed by the first.

Since the repeal of the statute, which exempted executors and administrators from liability, for not pleading or mis-pleading, Emanuel brought suit in the Circuit Court of Mobile county, against Garrow, as executor of Brooks, and obtained judgment by default, on which execution issued, and was returned "no property found." Afterwards Emanuel brought an action of debt, to the November

term, 1827, of the same Court, upon that judgment against Garrow, in his individual character, suggesting a *devastavit;* to which Garrow pleaded *nil debet*, and subsequently thereto, the estate of Brooks being reported insolvent, that fact was pleaded, *puis darein continuance.* On the first plea an issue in fact was taken, and a demurrer was filed to the second. The Circuit Court sustained the demurrer to the second plea, and on the trial of the issue, permitted the record of the judgment by default, and the return of the execution, *nulla bona,* to go to the jury as evidence of a *devastavit,* or of assets to the amount of the judgment, all of which is now assigned for error.

*a* Laws of Ala 330.

ACRE, for plaintiff in error. The statute of this State,*a* is relied on as decisive of the questions arising out of the plea, alleging the estate to have been declared insolvent, the demurrer, and bill of exceptions. That statute says, "nor shall any action be commenced or sustained, after the estate is represented insolvent." If this statute is the law of the land, the doctrine cited by the defendant in error, from Buller, Johnson and Saunders, does not apply to this case, however sound it may be in the country where it originated, and where there is no such statute, or any thing resembling it. General principles govern in the absence of positive law, but furnish no guide in the presence of statutory provisions, at variance with them. Even if the statute relied on did not exist, the judgment of the Court below ought to be reversed, because it does not do justice between the parties; it seeks by artificial reasoning and arbitrary rules, repugnant to the moral sense, to make one man pay the debt of another, without any consideration. The law ought to be so administered, as to satisfy the common sense of the community.

SALLE, for defendant in error. The present action is brought for a *devastavit,* and the question is, whether the judgment by default is evidence of assets to the amount of the judgment. In support of the affirmative see 14 Johnson's Reports, 446; Buller's Nisi Prius, 142; and 1 Saunders' Reports, 219. *a*

By JUDGE CRENSHAW. We are of opinion, that since the repeal of that statute, a judgment by default, and return of *nulla bona,* is evidence of a *devastavit,* to the

amount of the judgment. In 14 Johnson's Reports,[a] referred to in the brief, it is said "to be now well settled, that if a judgment is recovered against an executor, by default or confession, and that in a suit upon it, suggesting a *devastavit*, the production of the record of such judgment, would be conclusive of that fact." In 1 Johnson's Cases,[b] the same rule was recognised, and the Court further declared "that if the party does not avail himself of the opportunity of pleading a matter to the original action, he cannot afterwards plead it in another action, founded on a judgment obtained in the first." In 4th Cowen, 1 Hays and Monroe's Reports, the same doctrine is established to the full extent.

The executor was bound to know whether the assets in hand were or were not sufficient to satisfy the plaintiff's debt, and in order to protect himself against personal liability, he should have pleaded the matter to the first action. Having failed to do so, the judgment by default in the first action, fixed his personal liability, and it was too late to plead to the second action, suggesting a *devastavit*, that the estate had been represented insolvent.

In support of the errors assigned, the provision of the statute, which declares "that no action shall be commenced or sustained, against an executor or administrator, after the estate has been represented insolvent," has been relied on. The conclusion of the Court in the present case, does not violate the provisions of that statute. If Garrow's personal liability was fixed by the first judgment, the second action was not against him in his representative character of executor, but was against him in his individual character on that personal liability. After he had become responsible for the debt out of his own estate, by failing to plead to the first action, he cannot insist on the benefit of the statute, to protect him against the action, suggesting a *devastavit*. If, from the situation of the testator's estate, the executor was unable to ascertain its insolvency, in time to plead that matter to the action, yet if he had no assets then in hand, or not enough to satisfy the debt, by a plea of *plene administravit*, or *plene administravit præter*, to the first action, he might have protected himself against all liability in the second action.

It is said in the written argument, that the judgment of the Circuit Court is unjust, in seeking to make the executor liable out of his own estate, for the debt of his testator, without having received any consideration. The judgment

JANUARY 1831 may possibly have that effect, but we have no power to remedy the evil; we must declare the law as we believe it to exist; we cannot bend it to suit particular cases or individuals. This Court is of opinion, the judgment of the Circuit Court must be affirmed.

Garrow
v.
Emanuel.

Judgment affirmed.

LIPSCOMB, not sitting.