## PHELAN v. PHELAN, ET AL.

1. Although an estate is declared insolvent, yet if on settlement it prove not to be so, creditors who have not filed their claims within the time prescribed by law, are entitled to payment of their debts, if presented to the administrators within eighteen months from the grant of letters of administration.

Error to the Orphans' Court of Wilcox.

THE plaintiff in error, administrator *de bonis non* of the estate of William Phelan, deceased, represented the estate to be insolvent, and it was accordingly so declared, no creditor appearing to show cause ; and no nomination being made by the creditors, he was continued in the administration, an order made that all creditors should file their claims, and a day set for auditing them.

Upon the settlement, it appeared the assets in the hands of the administrator amounted to $5,498 58, and the amount of claims filed within six months, $3,086, which being allowed, left in the hands of the administrator, $2,411.

The administrator then insisted on retaining in his hands, a sufficiency to pay certain judgments, which had been rendered against him ; and proved that the claims on which they were founded, had been duly presented to him as administrator, and all of which, except one, he had paid since the estate had been declared insolvent. The court on the

objection of the distributees, refused to permit the adminis-
trator to retain these amounts, and rendered a decree against
him, for the balance in his hands, in favor of the distri-
butees.

To reverse this decree, this writ of error is sued out.

SELLERS, for plaintiff in error.

PORTER & BRODIE, contra.

These claims not having been filed within six months af-
ter the estate was declared insolvent, are barred. Lattimore
v. Williams, 8 Ala. Rep. 428; Hollinger, et al. v. Holly, et
al. Ib. 454.

If barred by the statute of non-claim, the administrator
had no right to pay them. Thrash v. Sumwalt, 5 Ala. R.
20, and cases decided at this term.

The record shows that these very items were refused on
being presented at the auditing, by the holders of these
claims. They are consequently barred.

Creditors can have no advantage from the fact that the es-
tate afterwards proves solvent, because the declaration of in-
solvency is as to him *res judicata*.

An administrator *de bonis non*, after an estate is declared
insolvent, has nothing to do with any period of time prior to
his appointment; he is different from other administrators;
he is the mere agent of the creditors, and can only look back
to the insolvency.

DARGAN, J.—The orphans' court misapprehended the
law. If a claim is presented to the administrator within eigh-
teen months from the time of the grant of letters, it is a good
presentation, so far as the interest of the distributees is con-
cerned; and a claim so presented binds their interest. If,
however, the estate is declared insolvent, since the act of
February, 1843, the claim must be filed in the clerk's office
of the orphans' court, within six months from the time of the
rendition of the decree of insolvency, otherwise such credi-
tor cannot participate with the other creditors in the distribu-
tion of the estate. See 8 Ala. Rep. 454. The statute of

1843, is intended merely to affect the rights of creditors, as amongst themselves, in the distribution of an insolvent estate; and if a creditor does not file his claim in six months from the time the estate is declared insolvent, those creditors who have so filed their claims, shall be preferred over those who have not.

But this is the only effect that can be given to a failure to file a claim in the clerk's office, within six months from the time the estate is declared insolvent. And if an estate be declared insolvent by mistake, as this appears to have been, and it afterwards appears that it is able to pay all the debts, the distributees can claim nothing from a failure to file the claims in the clerk's office within six months. Their rights are bound, if the claim is presented to the administrator within eighteen months. Hence it follows, that as the claims on which judgments had been rendered against the administrator, had been presented within the eighteen months, they should have been allowed as against the distributees. The final decree of settlement is therefore reversed and remanded.