McDougald's Adm'r v. Dawson's Executor.

to play in it,—then the defendant would be guilty, although the door was closed, the curtains down, and the players could not be seen from the outside.

"3. That if said Jones, before the playing took place, had abandoned his attempt to learn the daguerrean art; and that said back room, in which the playing took place, was used only as a depository for his broken apparatus and chemicals, and for no other purpose; and that defendant, within twelve months before the finding of the indictment, played cards in said back room,—he was guilty."

The defendant reserved an exception to each of these charges.

E. W. PECK, for the defendant.

M. A. BALDWIN, Attorney-General, contra.

---

# McDOUGALD'S ADM'R vs. DAWSON'S EXECUTOR.

[ASSUMPSIT FOR CONTRIBUTION BETWEEN CO-SURETIES.]

1. *Plea of statute of non-claim.*—A plea in bar, averring that the plaintiff's demand was not presented, nor filed in the probate court, before the commencement of the suit, is demurrable, since the suit may have been commenced before the expiration of eighteen months from the grant of administration.

2. *Filing claims against insolvent estate.*—Whether demands, on which suits are pending at the time an estate is reported insolvent, are required to be filed in the probate court like other claims, *quære?* (WALKER and STONE, J J. differing in opinion, and RICE, C. J., not sitting.)

3. *Omission to file claim, on which action is pending, no defense.*—The omission to file in the probate court, as a claim against an insolvent estate, a demand

on which an action was pending when the estate was reported and decreed insolvent, is no defense to the further maintenance of the action.

4. *Conclusiveness of decree rejecting claim against insolvent estate.*—A plea in bar, averring the presentation of plaintiff's demand as a claim against the estate of defendant's intestate, which had been declared insolvent, and its rejection by the probate court,—held insufficient, on the authority of McDougald's Adm'r v. Rutherford, *ante*, p. 253.

5. *Replication to plea of statute of non-claim.*—It is a good replication to a plea of the statute of non-claim, that the suit was commenced within eighteen months after the grant of administration, since the commencement of the suit is a presentation of the claim.

6. *Sufficiency of evidence to authorize recovery for money paid.*—In an action for contribution between two co-sureties, if the evidence shows that the entire debt, for which plaintiff, defendant and a third co-surety were bound, was paid off by plaintiff and such third co-surety, but does not show the respective proportions paid by each, the court should not exclude the evidence on the ground of its insufficiency, nor charge the jury that it is insufficient to authorize a recovery by plaintiff, but should leave its weight to the determination of the jury.

7. *Proof of agency.*—The fact that a person acts as agent of another, in receiving a payment of money, does not prove his agency.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by John R. Dawson, and revived in the name of his executor, against the administrator of Daniel McDougald, deceased, to recover contribution for money paid by said Dawson on three promissory notes, one for $5,500, and two for $2,500 each, which were executed by said McDougald, Dawson, and one John Fontaine, and were payable to Holbrook, Nelson & Co. or order; and was commenced on the 14th March, 1851. The defendant pleaded, among other things, 1st, "that said McDougald does not owe in manner and form as plaintiff has complained against him"; 2d, "that the claim on which plaintiff sues was never presented to the administrator of said McDougald, nor filed in the office of the probate court of Russell county, before the commencement of this suit"; 3d, ("for further plea in this behalf, filed since the commencement of this suit,") that defendant was appointed administrator of said McDougald, by the probate court of Russell county, on the 4th March, 1850, and that plaintiff failed and neglected to present his demand as a claim against said estate, or to file it in the

office of the probate judge of said county, within eighteen months after the grant of said letters; 4th, ("for further plea in this behalf, also filed since the last continuance,") that said McDougald's estate was reported insolvent by defendant, as administrator, on the 10th September, 1851, and was decreed insolvent by said probate court on the 10th November following, and that plaintiff failed to file his claim in the office of said probate judge within six months after the decree of insolvency; 6th, "for further plea, in the nature of *puis darrien*, defendant pleads, in short by consent, that the estate of said McDougald was decreed insolvent on the 10th November, 1851, and the claims now sued on, being presented to said probate court for allowance, were rejected by said court on the 17th January, 1853, which judgment remains in full force and virtue." The plaintiff took issue on the first plea; demurred to the second, fourth, and sixth; and replied to the third, in short by consent, that this suit was commenced on the 14th March, 1851. The court sustained the demurrer to the second, fourth, and sixth pleas, and overruled a demurrer to the replication to the third.

On the trial, as appears from the bill of exceptions, the plaintiff offered in evidence the deposition of John D. Carter, which was taken on interrogatories, and which was as follows:

"*Answer to first interrogatory.* The annexed notes were made by John Fontaine, D. McDougald, and John R. Dawson. From having seen the three parties write, and from my knowledge of their handwriting, I believe their signatures to be genuine. *I received payment from John Fontaine and John R. Dawson for the two notes for $2,500 each, with interest to the time of payment, on the days specified on each of the notes contained in the memorandum made by me, as notary public, at the time payment was made, say, 1st May, 1846, and 4th September, 1846. The other of said notes, for $5,500, and interest, attached to said interrogatories, and due January 1, 1847, was paid as follows, viz., $3,000 was remitted by John Fontaine, John R. Dawson, to Holbrook, of the firm of Holbrook, Nelson & Co., New York, on the 28th December, 1846; and the balance was paid to Edward E.*

*Powers, by said Fontaine and Dawson, on the 27th April, 1847, as admitted by Fontaine, Dawson, and Powers,—Powers acting as agent of said Holbrook, Nelson & Co.* Each of said notes was handed over to John R. Dawson at the time they were paid. The two notes of $2,500 each, with interest, were collected by me as agent of the Mechanics' Bank of Augusta, for Edward E. Powers; and the other note, for $5,500 and interest, was collected or paid as before stated.

"*Answer to second interrrgatory.* The money due on said notes was paid by John Fontaine and John R. Dawson, as stated in my answer to the first interrogatory, and I have no knowledge that Daniel McDougald paid any portion of the same.

The defendant objected to the admission of the italicized portions of these answers, on the following grounds: to the first sentence, and to the first portion of the second sentence, as italicized, "because illegal, irrelevant, and not tending to prove any several or individual payment by plaintiff"; and to the latter portion of the second sentence, "on the ground that the admissions of Fontaine, Dawson and Powers were not admissible to prove the fact of payment, and that the agency of Powers was not proved, nor offered to be proved." The court overruled the first two objections, and decided, on the last, "that the admissions of Fontaine and Dawson should be excluded from the jury, but overruled the objection in all other respects." The defendant reserved exceptions to each of these rulings of the court.

"This was all the testimony offered on the subject of indebtedness during the trial, and the plaintiff then closed. The defendant's counsel then moved the court to exclude from the jury that part of the said deposition last above specified, containing the proof of payment to Powers by his admissions, on the additional ground that plaintiff had closed without introducing any other proof relating to the agency of Powers; but the court overruled the motion, and defendant excepted. The defendant's counsel then moved the court to exclude from the jury the whole of Carter's testimony, because it did not tend to

prove any several or individual payment by plaintiff, nor to show any liability on the part of McDougald or his estate to the plaintiff; but the court overruled this motion, and defendant excepted.

"The defendant's counsel asked the court to charge the jury,—

"1. That although they might believe all the said testimony, the plaintiff was not entitled to recover under the proof.

"2. That the proper construction of said Carter's answer to the first interrogatory, where he uses the words, 'I received payment from John Fontaine and John R. Dawson for the two notes for $2,500 each,' unless otherwise explained by some other testimony than what is in his answer, is, that the payment by Fontaine and Dawson was a joint payment.

"3. That the words, 'said Powers acting as the agent of said Holbrook, Nelson & Co.,' as used by said witness in his answer, did not tend to prove the agency of Powers."

The court refused each one of these charges, and instructed the jury, on the last point, "that the evidence, if believed by them, might tend to prove the fact of Powers' agency, but was not of itself sufficient proof"; and the defendant excepted, both to the charge given, and to the refusal to give the several charges asked.

GEO. D. HOOPER, and JAS. E. BELSER, for appellant.

L. E. PARSONS, and JOHN WHITE, contra.

WALKER, J.—The defendant in this case pleaded seven pleas. Demurrers were sustained to the 2d, 4th, 6th, and 7th pleas. The sustaining of the demurrers to the 2d, 4th, and 6th pleas is assigned for error. There is no assignment as error of the sustaining the demurrer to the 7th plea. The assignments of error, therefore, render it necessary for us to pass upon the sufficiency of the 2d, 4th, and 6th pleas, but not of the 7th.

The 2d plea avers, that the claim sued upon was not presented to the defendant, nor filed in the probate court, before the commencement of the suit. This plea was

clearly bad. It does not follow that the claim is within the statute of non-claim, because it was not presented before the commencement of the suit. The suit may have been commenced within less than eighteen months, and was in fact commenced within less than twelve months from the grant of administration.

The 4th plea avers the omission to file the plaintiff's claim within six months after the decree of insolvency. By a comparison of the date of the report and decree of insolvency, as averred in the plea, with the date of the institution of the suit, it appears that the suit was pending before the report and decree of insolvency. The claims which the statute designed should be filed in the probate court, are those which are liable to contestation in that court. The claims required to be filed in the probate court may, in that tribunal, be contested with all the formality of proceeding incident to a regular suit, and, if not contested, ultimately acquire the force of a judgment. That claims in suit when the estate is declared insolvent are not intended to be classed with the claims required to be filed, is shown by the fact that another section of the statute provides for the continuance of pending suits, and evidently contemplates that the claims prosecuted in such suits shall be contested, and rejected or established, in the tribunal which has jurisdiction of them at the time of the decree of insolvency. The only construction of the statute, which harmonizes its provisions, is that which exempts claims sued upon at the date of the report of insolvency from the necessity of filing in the probate court within six months, and leaves such pending suits unaffected, except to prohibit the issue of execution, and to require a transcript of the judgment to be filed, so that it may take its *pro-rata* share. For these reasons, the writer of this opinion concludes, that the omission to file the claims sued upon in the probate court, within six months, was no defense to this action, and that the demurrer was properly sustained to the fourth plea. Judge Stone concurs in the conclusion expressed, but not in the reasoning by which it is attained.

It is unnecessary for us to consider with particularity

the sufficiency of the 6th plea. It was insufficient, for reasons which are suggested in the case of McDougald's Adm'r v. Rutherford, at the last term.

The 3d plea was simply the failure to present the claim within the time presented by the statute of non-claim. That the suit was commenced within eighteen months was certainly a good replication. The commencement of the suit was a presentation of the claims.

We find no error in the several rulings of the court upon the pleadings.

This suit was brought to recover from the defendant money paid by the plaintiff's intestate, in part satisfaction of the proportionate liability of defendant's intestate upon three notes made by the plaintiff's intestate, the defendant's intestate, and one Fontaine. The proof showed that the three notes were paid off in full by the plaintiff's intestate and Fontaine, and there was no other proof on the subject of the payments. We do not agree with the defendant's counsel, that the court ought to have excluded this proof, or charged the jury that the plaintiff could not recover upon this evidence. In the absence of any participation in the payment of the notes by the defendant's intestate, it was the legal duty of the plaintiff's intestate and Fontaine to pay in equal proportions. The evidence does not satisfactorily determine whether the payments were the joint acts of the plaintiff's intestate and Fontaine, without any discrimination as to their respective contributions to the payments; or whether each contributed a moiety; or, if not, what was the amount contributed by them respectively. The construction of this testimony, and the ascertainment of its effect, like the determination of all other doubtful questions of fact, was the province of the jury. Giving weight to the consideration that plaintiff's intestate and Fontaine were, as between themselves, each legally liable to pay a moiety, and therefore that Fontaine would not be likely to pay voluntarily more than half, the court could not say that there was no tendency of the proof to the conclusion that the plaintiff's intestate and Fontaine paid equal amounts. The whole question was properly left to the jury.

One of the sentences in the deposition read in evidence by the plaintiff, is in the following words : "The other of said notes, for $5,500 and interest, attached to said interrogatories, and due January 1st, 1847, was paid as follows, to-wit, three thousand dollars was remitted by John Fontaine, John R. Dawson, to Holbrook, of the firm of Holbrook, Nelson & Co., New York, on the 28th December, 1846; [and the balance paid to Edward E. Powers, by said Fontaine and Dawson, on 27th April, 1847, *as admitted by Fontaine, Dawson and Powers,* said Powers acting as agent of said Holbrook, Nelson & Co.] Each of said notes was handed over to John R. Dawson at the time they were paid." So much of this sentence as is included in brackets, was objected to by the defendant, on the ground that the proof of the payment of the balance on the note is made by the witness to stand on the admission of Powers, Fontaine and Dawson, and that that there was no proof of the agency of Powers. This objection was well taken, and should have been sustained. The part of the sentence objected to does not legitimately admit of any other construction, than that the witness makes his statement on the information of the three persons. The declarations cannot be admissible upon the ground that Powers (one of the declarants) was an agent. The mere fact that he acted as agent, does not prove the agency. For the error in overruling the objection to this evidence, there must be a reversal.

STONE, J.—I think that a claim against an insolvent estate, to secure its allowance, should be filed in that court pursuant to the statute, notwithstanding a suit may be pending for its recovery. If such claim is reduced to judgment, before the time for filing claims expires, of course it will be sufficient to file the judgment ; and, probably, no question could afterwards arise on the justness of such claim. If, however, the suit is not tried during the period allowed for filing claims, I am satisfied the claim must be filed in the probate court as other claims. I think the act of 1843 admits of no other construction.

Judge Walker bases his opinion on his construction of

the language of the 12th section of that act.  I think the same section answers his argument.  It provides that, after judgment, "a duly certified transcript of such judgment [may be] filed as a claim against the estate, *as herein provided*."  Looking entirely through that statute, there is no provision for filing claims against estates declared insolvent, except that found in the 9th section, which limits the period for filing to six months.  The terms, "*herein provided*," must relate to the provisions of that section ; and I find no warrant for allowing a claim to which exceptions are filed, or objections interposed, unless such claim was filed within the time prescribed by the 9th section.

I think, however, that the omission to file such claim in the probate court, furnishes no defense, under the act of 1843, to the further maintenance of a suit pending in the circuit court.  The statute contains no such provision; and I discover nothing in the nature of the question, which renders it necessary we should so declare.

Whether the act of filing the claim in the probate court, and thus claiming an allowance there, affords matter for plea to the further maintenance of the common-law suit, is a question not raised by this record, and we need not now consider it.  It is a question which, under this view, may possibly arise.  It is my decided opinion, that a creditor who, at the time of the declaration of insolvency, has a suit pending to recover his demand, has no right, by force of his pending suit, to delay the final settlement beyond the period defined by the statute.  In other words, if he fail to file his claim in the probate court, the settlement may be had without any reference to it, and such creditor is left to other sources for its payment, should there be such sources.—Phelan v. Phelan, 13 Ala. 679 ; Middleton v. Maull, 16 Ala. 482.

My attention has been directed to a remark found in the opinion delivered at the last term of this court, in the case of McDougald's Adm'r v. Rutherford, and which remark is in conflict with the view here expressed by me.  That remark was not necessary to the decision then pronounced, and it did not, at the time, arrest my attention.

I think very serious delays and embarrassments will grow out of the construction placed on this statute by my brother Walker,—delays against which the statute seems to have specially guarded; and I am unwilling to adopt his construction.

