# Pendry *v.* Brundridge.

### *Action for Money had and Received.*

1.   *Money paid by mistake* may be recovered back, on a count for money had and received.

2.   *Estoppel : when defendant can not deny claim.*—The facts of this case show an estoppel of defendant from denying plaintiff's claim. (See the statement of facts, and the opinion, below).

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN K. HENRY.

[Pendry v. Brundridge.]

This was an appeal case from a justice of the peace to said court. During the trial in the Circuit Court, the plaintiff (appellee) was introduced as a witness, and testified that he made a verbal contract with defendant (appellant) by which ·defendant agreed to furnish supplies to his laborers (tenants) for the year 1875, and that defendant was to keep the accounts of each laborer separately. Defendant furnished goods to one of the laborers (Wiley Brundridge), and some time in January, 1876, plaintiff called on defendant for his account with said Wiley Brundridge, that he might pay it ·and then settle with said tenant. An account was then presented as the entire account due for said Wiley Brundridge, ·and paid by plaintiff, who obtained a receipt (which is shown). ·On this basis, the plaintiff settled with said tenant, paying over to him a balance of tenant's money held by plaintiff, thereby closing all opportunity to secure himself for the tenant's liabilities. After this, the plaintiff asked defendant for his own account, and the latter not having the account, said he thought a certain amount was due, and he could pay *that*, and if it was wrong he would correct it; whereupon, the plaintiff paid the amount thought to be due ; but when ·the account was presented, the plaintiff discovered items of charges against the tenant not included in the account of the tenant which had been settled. Upon this discovery, the plaintiff demanded that amount back as an overpayment to that extent. Defendant refused, and plaintiff then sued on common counts of money had and received, for the amount ·so overpaid by mistake. There was no dispute about the facts as above set forth. The court charged the jury, upon the belief of such facts, the plaintiff would be entitled to a verdict. The defendant excepted to the giving of such charge, on the ground that such a claim is not recoverable in this action, and now assigns the same as error.

HUBBARD, and PARKS & PARKS, for appellant.

PADGETT & OWENS, *contra.*

STONE, J.—Money paid by mistake, may be recovered ·back on a count for money had and received.—*Rutherford v. McIvor*, 21 Ala. 750; *Walker v. Meek*, 39 Ala. 568.

The facts testified to by plaintiff, and not disputed by de-fendant, made a clear case of estoppel against the defendant, and fully justified the charge given.—1 Brick. Dig. 796, §§ .9, 10, 11; *Morris v. Hall*, 41 Ala. 510.

Affirmed.