## COSTER *vs.* BRACK, Adm'r.

1. When the defendant, instead of demurring to a replication, takes issue upon it, he cannot test its legal sufficiency by a motion to ex-clude evidence, which tends to establish it.
2. When an administrator acquires real estate by purchase from the heirs of his intestate, it cannot be regarded in a court of law as as-sets in his hands.

Error to the Circuit Court of Montgomery. Tried before the Hon. R. Dougherty.

Coster v. Brack, adm'r.

Assumpsit by Coster against Brack, as administrator of Gains Brack, deceased, to recover the amount of a promissory note, executed by the intestate to said Coster. The defendant pleaded, among other things, that the estate had been declared insolvent by a decree of the Orphans' Court, to which the plaintiff replied, that after the decree of insolvency, the defendant had received other assets of the estate, which were more than sufficient to pay all the debts of the intestate. On the trial the plaintiff offered to prove, that the intestate had died, seized and possessed of a certain house and lot in the city of Montgomery, which had not been sold under the decree of the Orphans' Court, and that it, together with the personal property of the estate, was more than sufficient to pay all debts ; that the defendant had acquired the house and lot by purchase from the heirs of the intestate, (the purchase money being an amount which had been certified in his favor by the Orphans' Court, on final settlement,) and that he had afterwards sold it, and had not accounted for the proceeds of the sale. This evidence was excluded by the court, on the motion of the defendant, to which the plaintiff excepted, and which he now assigns as error.

Martin & Baldwin, for plaintiff in error.

Mayes, *contra.*

CHILTON, J.—In Edwards v. Gibbs, Judge, &c., 11 Ala. 292, it was held, that the effect of the decree of insolvency was to transfer to the Orphans' Court the *exclusive jurisdiction* of all claims against the estate, and in that court, it may be shown on final settlement, that the administrator has withheld or wasted the assets. With this decision we are satisfied, and it shows that the replication of the plaintiff to the plea of insolvency, that assets came to the hands of the administrator after the decree of insolvency, sufficient to pay all the debts, as also the similar replication to the fourth plea, was bad, and would doubtless have been so held upon demurrer ; but the defendant failed to demur, and took issue, and if the rejected proof tended to establish this issue, it could not properly have been excluded upon the ground of the insufficiency of the replication. The defendant having treated it as sufficient, could not in this indirect way call in question its legal sufficiency.

The effort in the case before us was, to prove that the intes-

tate died seized of real estate of value sufficient to pay all the debts due from his estate, and that the administrator instead of applying for an order to sell the same, purchased it of the heirs in consideration of a balance certified in his favor by the Orphans' Court on final settlement.

It is true, that the statute declares, that the lands, tenements, and hereditaments of a testator or intestate, shall stand chargeable with all the debts of the deceased, over and above what the personal estate shall be sufficient to pay, &c., saving to the widow her dower in all cases.—Clay's Dig. 191, § 1. But lands can only be considered assets *sub modo*. Upon the death of the intestate, the title if in him is devolved upon his heirs, and the statutes prescribe the mode by which they may be subjected to the payment of the debts in case of the insolvency of the estate. Clay's Dig. 224 *et seq.*; until the requisite steps are taken to subject the lands, until in other words, they are turned into assets by a sale under the statute, the title remains in the heirs, and not in the administator.

If he acquire the title by a purchase from the heirs, such purchase is outside of his administration, and while he would be chargeable with the rents and profits, and might be held as a trustee in equity of the legal title for the benefit of the unpaid creditors, the land thus situated could not be regarded in a court of law, as assets in his hands. Whether he could be sued as upon a *devastavit*, under the statute, which declares that an administrator, who fails to apply for leave to sell the real estate within three months from the time of reporting the estate insolvent, shall be guilty of a *devastavit*, and may be sued upon his bond, together with his securities, is a question not presented by this record.—Clay's Dig. 197, § 27.

We think it very clear, from an examination of the statutes, that before lands can be made assets for the payment of debts in the hands of an administrator, the Orphans' Court must have ordered a sale of them, or some steps known to the law for divesting the title of the heirs must have been taken. As nothing of the kind was done in the case before us, it follows that the evidence offered of the seizin of the ancestor, and the purchase of the land by the administrator, did not tend to prove that such land was assets in the administrator's hands, and was properly rejected.

Let the judgment be affirmed.

Dargan, C. J., not sitting.