[Avery, Adm'x, v. Ware et al.]

# Avery, Adm'x, *v*. Ware *et al.*

### Bill in Equity for an Account.

*Bill for account ; when without equity because account adjustable at law.*—A. and W. were judgment creditors of V. for unequal amounts, having the same attorney through whom the judgments were compromised for an aggregate sum, which was to be applied to the judgments in proportion to their respective amounts. W. had received more than he was entitled to, and the attorney had a sum on hand which he was willing to pay to the party entitled to it. A. filed a bill praying a decree declaring her entitled to the money on hand, and for a decree against W. for the excess received by him above his proportion of the aggregate amount of the compromise,—*held*, that the bill was without equity; the demand being purely legal, its amount ascertainable by simple calculation, and the remedy at law adequate.

APPEAL from the Chancery Court of Chambers.
Heard before the Hon. N. S. GRAHAM.
The case may be understood from the opinion.

J. J. ROBINSON, and W. H. DENSON, for appellant.

JAMES T. MAY, *contra*.

BRICKELL, C. J.—The statements of the bill are, in effect, that the complainant, who is appellant here, and the appellee Jonathan Ware, were judgment creditors of Alexander Varner, having the same attorney. The judgments were for unequal amounts; and through their attorney, were compromised for an aggregate sum, which was to be applied to the judgments in proportion to their respective amounts. Ware has received more than he was entitled to receive, and there is a sum remaining in the hands of the attorney he is willing to pay to the party entitled to receive it. The prayer is for a decree declaring the complainant entitled to the money in the hands of the attorney, and for a decree against Ware, for the excess above his proportion of the aggregate amount of the compromise which he has received. A demurrer to the bill, for want of equity, was overruled, but on a final hearing it was dismissed, on the ground that the evidence did not support its allegations.

If the equity of the bill can be maintained, it must be on the theory that there is an account to be stated and settled between the parties. It is not every matter of account of which a court of equity takes jurisdiction. There must be

a fiduciary relation between the parties, or mutuality or complication of accounts to justify the intervention, or, as is said in *Knotts v. Tarver*, 8 Ala. 743, the court would be filled with suits, which could be better and more cheaply adjudicated in courts of law. Where the accounts are all on one side—where, as in the present case, the demand is purely legal, and its amount ascertainable by a simple calculation, and the remedy at law is adequate, the court will not take jurisdiction.—*Kirkman v Vanleer*, 7 Ala. 217; *Crothers v. Lee*, 29 Ala. 337; *Dickinson v. Lewis*, 34 Ala. 638. An examination of the evidence is not necessary, for if it supports the averments of the bill, it discloses a case in which the court should not have interfered.

The decree must be affirmed.