# Cunningham *v.* Lindsay.

### Contest of Claim filed against Insolvent Estate.

1. *Pending suit, as claim against insolvent estate ; time of filing, and objections to.*—The mere pendency of an action against the administrator, at the time an estate is declared insolvent, does not take away the jurisdiction of the Probate Court to adjudicate the claim, nor extend the time for filing objections to it. The plaintiff may, notwithstanding the suggestion of insolvency, proceed to trial on the other issues, and have his judgment certified to the Probate Court; but he is not required to do so, and may at once file his claim in the Probate Court, afterwards dismissing his suit; and no objections being filed within the period allowed by the statute (Code, § 2375), the claim must be allowed.

APPEAL from the Probate Court of Colbert.

Tried before the Hon. JOHN A. STEELE.

In the matter of the insolvent estate of F. C. Vinson, deceased, of which R. B. Lindsay was the administrator, and against which a claim was filed by W. Cunningham, as the administrator of the estate of Hugh C. Leckey, deceased, which claim was contested, in the name of the administrator, by the distributees of the estate. The estate of said Vinson was reported insolvent by said administrator on the 10th August, 1882, and was declared insolvent by the court on the 11th September, 1882. The claim of said Cunningham, as admin-

istrator of Leckey, which was filed, duly verified by affidavit, on the 10th April, 1883, consisted of a promissory note for $594.45, executed by said Vinson, dated April 15th, 1874, and payable one day after date to said Cunningham as administrator. An action at law on this note was instituted by said Cunningham, as administrator, on the 19th April, 1882 ; and that action was pending when the estate was reported and declared insolvent. The defendant in the action, who was said R. B. Lindsay, pleaded the statute of non-claim, the statute of limitations, payment and set-off; and afterwards filed a special plea, setting up the declaration of insolvency. On the 17th March, 1884, the plaintiff took a non-suit, and a judgment was so entered in due form. No objections to the allowance of the claim were filed in the Probate Court until the 11th July, 1884. The ground of the objections then filed was, that the claim was barred by the statute of limitations of six years; and the pendency of the action in the Circuit Court, with the proceedings and judgment therein, was set up as a reason why the objections were not filed at an earlier day. The plaintiff moved to strike the objections from the file, because they were not filed within nine months after the declaration of insolvency ; and he reserved an exception to the overruling of his motion. The plaintiff then took issue on said objections, "which were filed, by agreement, by way of pleas," and introduced as evidence his claim as filed, with the affidavit verifying it, and the declaration of insolvency ; and the contestants offered in evidence a transcript from the records of the Circuit Court, showing the proceedings and judgment in the action at law, as above stated. The plaintiff objected to the admission of this transcript as evidence, on the ground of irrelevancy, and duly excepted to the overruling of his objection. On this evidence, the court held that the pendency of the action at law, and the pleas filed in defense of the action, "obviated the necessity of filing objections to the claim in the Probate Court;" and further holding that the objections were filed within proper time, and were well taken, rendered a judgment disallowing and rejecting the plaintiff's claim. The plaintiff duly excepted to this ruling and judgment, and he now assigns the same as error, together with the other rulings above stated.

JAS. JACKSON, W. L. BRAGG, and D. D. SHELBY, for the appellant.

WATTS & SON, and J. C. KUMPE, contra.

CLOPTON, J.—Under the statutes prior to the act of 1843, the effect of the insolvency of an estate, judicially ascertained,

[Cunningham v. Lindsay.]

was to transfer to the Orphans' Court the exclusive jurisdiction of all claims against the estate, and to abate all suits on such claims against the personal representatives, pending at the time of the declaration of insolvency.—*Edwards v. Gibbs*, 11 Ala. 292. By the twelfth section of the act of 1843, which has been condensed and incorporated in the subsequent Codes, and is contained substantially in sections 2579 to 2581, inclusive, of the Code of 1876, a pending suit does not abate, but the personal representative may plead specially that the estate has been declared insolvent; and in such case, the other issues must be tried, and a judgment rendered thereon. If such judgment is for the plaintiff, no execution must issue, if it is shown to the court that the estate has been declared insolvent; but an order must be made, that the judgment be certified to the proper Probate Court; and, on a certified copy being filed, the same must be allowed as a claim against the estate, unless it is shown to have been obtained by collusion.

It is insisted, that the effect of the present statutes is, to *require* the Circuit Court, when the suit is there pending, to retain jurisdiction, try the issues, and adjudicate the justness and validity of the claim; and that they debar the plaintiff from dismissing his suit, and transferring the claim to the jurisdiction of the Probate Court for adjudication; in other words, that they exclude the jurisdiction of the Probate Court, of claims the subject-matter of pending suits in the Circuit Court. The vice of the proposition lies in a misconception of the purpose and scope of the act of 1843. With a view to secure speedy and inexpensive settlements of insolvent estates, exclusive jurisdiction of all claims was, by previous statutes, vested in the Probate Court. Under the operation of the statutes, suits that had been properly commenced in the Circuit Court, when the estate was supposed to be solvent, were abated, and the plaintiffs, after having incurred considerable costs and expense, were transmitted to another forum, and another suit, for the adjudication of their claims. The act of 1843 was designed to remedy this mischief; and the remedy proposed was, to restore to the Circuit Court its original right to retain jurisdiction, try the issues, and render judgment, notwithstanding the decree of insolvency. The effect is, not to take from the Probate Court *all* jurisdiction of claims, on which suits are pending, but the *exclusive* jurisdiction.

The statute requires, *in terms:* "Every person, having any claim against the estate declared insolvent, must file the same in the office of the judge of probate, within nine months after such declaration, or after the same accrues." As the result of judicial decision, construing the statutes *in pari materia*, an exception has been allowed in favor of claims, the subject of

[Cunningham v. Lindsay.]

pending suits.—*Thames v. Herbert*, 61 Ala. 340. The exception does not go to the extent of dispensing, under any and all circumstances, with the statutory requirement, nor does it postpone the time in which claims are required to be filed, except in the event the validity and the amount of the claim are judicially ascertained. A pending suit, without prosecution to judgment, does not bring the claim within the exception. *Pipkin v. Hewlett*, 17 Ala. 291. A dismissal of the suit withdraws the claim from the benefit of the exception, and a failure to file it within the statutory time will operate a perpetual bar. The declaration of insolvency does not affect the pending suit, further than a special plea may be interposed, and to prevent the issue of execution ; a different mode of obtaining payment of the judgment being provided. The suit progresses in all other respects, and with the same rights secured to the parties, as if the estate were solvent. The plaintiff has the. right to dismiss the suit, and the statute does not *require* the Circuit Court to retain it, against the plaintiff's right of dismissal. Exclusive jurisdiction of all claims having been previously conferred on the Probate Court, and the *exclusive* jurisdiction, as to a certain class of claims, having been taken away by a subsequent statute, without prohibiting all jurisdiction, the operation of the statutes is, to confer on the Probate Court exclusive jurisdiction of all claims on which suits are not pending, and concurrent jurisdiction of claims the subject of pending suits in other tribunals; and the rules are applicable which govern in cases of courts of concurrent jurisdiction.

In *McDougald v. Rutherford*, 30 Ala. 253, it was held, that where a claim was filed in the Probate Court against an insolvent estate, within the requisite time, and, on written objections being filed within the prescribed period, an issue was made up and tried, the parties appearing, a judgment disallowing the claim is conclusive on the plaintiff, though a suit upon the claim was pending in the Circuit Court, at the time of the decree of insolvency. It is said : " The Circuit Court having first obtained jurisdiction of the cause, the plaintiff, by interposing in a proper manner the pendency of suit in that court, might have defeated the proceedings to test his claim in the Probate Court. But the Probate Court unquestionably had jurisdiction of the subject-matter. The plaintiff had the right to file his claim in that court, and prosecute it to judgment, if he could."

The general policy of the law is, that all claims, entitled or claiming to share in the distribution of the estate, shall, at the expiration of nine months after the declaration of insolvency, appear on the docket of the Probate Court, subject to the inspection of the administrator and creditors. There are statu-

33

tory exceptions, in favor of infants and persons of unsound mind, and of claims which have not accrued. A construction of the statutes, which contravenes this general policy, is not warranted. The appellant had the indisputable right to file his claim in the Probate Court, though suit thereon was pending in the Circuit Court; and the effect of such filing was to give the Probate Court jurisdiction of the claim. Thereupon, the appellant had the right to obtain, in that court, the allowance of his claim, unless prevented by proper interposition. It may be, that the administrator, or any creditor or distributee, the appellant having filed his claim in the Probate Court during the pendency of his suit in the Circuit Court, might have defeated the trial of the same in the Probate Court, unless and until the suit in the Circuit Court was dismissed, by filing in a proper manner written objections to further proceedings on account of the pendency of suit in that court. If it be conceded that the proceedings in the Probate Court could have been stayed, the effect of such an interposition would not have been an abatement of the filing of the claim, as in case of a plea of the pendency of a former suit on the same cause of action. Such effect would be to indirectly defeat the claimant's right to file his claim, which is independent of, and unaffected by a pending suit in the Circuit Court. If the appellant had proceeded to try the issues in the Circuit Court, and judgment had been rendered, it would have been conclusive on the parties in the Probate Court; but, as, in the exercise of a legal right, he dismissed his suit in the Circuit Court, his claim was on the same footing, and in the same condition as other filed claims; and if no objections are filed within twelve months after the declaration of insolvency, directed to the merits of the claim, its allowance is a right secured to the claimant by the statute, unless facts subsequently occur, which bar the the demand, or defeat the claimant's right to share in the distribution of the estate.—*Thames v. Herbert, supra ; Clark v. Knox,* 70 Ala. 607 ; *Eubanks v. Clark,* at present term. The dismissal of the suit in the Circuit Court, after the expiration of the time for filing objections, does not bar the claim.

The statute, in express terms, requires written objections to any claim filed against the estate to be filed within twelve months after the declaration of insolvency. To extend the time, in case of a pending suit in the Circuit Court, to twelve months after the dismissal of the suit, would be judicial legislation. The statute does not limit the necessity of filing objections within the twelve months to claims *required* to be filed. Its terms are, "may object to the allowance of any claim *filed* against the estate." The claim of the appellant was filed in the Probate Court, within nine months after the decree of insol-

vency; and the administrator, or any creditor or distributee, had three months thereafter in which to file objections. The right of the appellant to dismiss his suit in the Circuit Court, and the contingency of its dismissal, required, as a cautionary measure, objections to be filed in the Probate Court, within the twelve months, so as to try the issues in the forum of the claimant's election.

We do not construe the statement in the record, that the objections were "filed by agreement by way of pleas," as a waiver of the time within which the objections should have been filed. The objections had been previously filed, and a motion to strike them out, because not filed in time, was made and overruled. To obviate the necessity of preparing regular pleas to the complaint filed by appellant, the agreement was to consider the objections filed as pleas. Such seems to have been the understanding of the parties, and of the probate judge, as the point was not made in the Probate Court.

Reversed and remanded.