# Compton, *et al. v.* Gilder, County Superintendent.

*Bill for an Accounting and Discovery.*

(Decided April 4, 1912.   58 South. 271.)

*Accounting; Bill for; When Proper.*—Where the bill sets up facts which render an accounting at law complicated if not impossible, and where complainant seeks a discovery, a bill for an accounting will lie against a county officer and his bondsmen.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Bill Benjamin F. Gilder, Superintendent of Education, against Samuel W. Compton and his bondsmen, for an accounting. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The bill is filed in the official capacity of the complainant, and alleges that he was successor in office of the respondent as county superintendent of education in Marengo county. It alleges that Compton was duly elected superintendent of education for Marengo county at the November election, 1904, and executed a bond as required by law, a copy of which is attached, under which bond he continued to act until January 22, 1908, and on that day filed in the office of judge of probate a new and additional bond, and continued to act under that bond, which was executed under direction of the state superintendent of education. It is further alleged that by section 1703 of the Code of 1907 the term of office of said Compton was extended to the 1st day of October, 1909, and on the 21st day of November, 1908, the said Compton filed another official bond, which is also set out as an exhibit. It is further alleged that a special tax was levied for public school purposes in Marengo county upon the real and personal property in said county for the scholastic years of 1906-07, 1907-08, and 1908-09, and that the same was collected by the tax collector, and paid over to said Compton as said superintendent, as follows: For scholastic year ending September 30, 1907, $5,553.94; for year ending September 30, 1908, $6,235.10; and for the year ending September 30, 1909, $6,179.66. And it is alleged that said Compton has failed to legally disburse said money, and that there now remains a balance of $2,500, which he has failed to legally disburse, or to pay over to orator, who is alleged to be his legal successor in office, although orator has often demanded the same. It is fur-

[Compton, et al. v. Gilder, County Superintendent.]

ther averred that during the term of his said office the
said Compton received from the state of Alabama large
sums of money for each of said scholastic years, in the
aggregate the sum of $30,000, for the public schools of
Marengo county, some portion of which he legally dis-
bursed, but a large part of which he did not legally dis-
burse, and has refused to pay over to his successor in
office. It is alleged that the money derived from the
state and the money derived from the special tax were
commingled by said Compton in a common fund, and
that he kept no separate account of the disbursements
made by him from said fund; that a large part of the
special tax disbursed by said Compton was so disbursed
by him in the payment of monthly salaries of from 50
to 100 teachers of the public schools of Marengo coun-
ty, whose names and present addresses are unknown to
orator, and that the date and amount of said payment
are unknown to orator, and that said teachers them-
selves do not know whether the money so paid them con-
stituted a part of the state school fund or the special
taxes collected in Marengo county for special school
purposes. It is further alleged that orator does not
know and is not able to ascertain the exact amount or
date of the special taxes unaccounted for by said Comp-
ton, or the exact date when the said Compton's default
or defaults occurred, and hence cannot ascertain the
liability of the several sureties on the several bonds
without the aid of a court of equity, all of which is al-
leged to be material to his cause. The bill then pro-
pounds five interrogatories, looking to a taking and
stating of the account. The demurrers take the ground
that there is a plain and adequate remedy at law, that
the bill improperly joins sureties on different bonds
without stating a joint cause of action against each,

and that the board of education, and not the complainant, was a proper party to file the bill.

BEN F. ELMORE, and PETTUS, FULLER & LAPSLEY, for appellant. The bill is not sufficient as a bill for discovery in aid of the relief prayed.—*Shackelford v. Bankhead*, 72 Ala. 476; *Continental I. Co. v. Webb*, 54 Ala. 689; *Horton v. Mosely*, 17 Ala. 794; Sec. 4058, Code 1907; *Dickinson v. Lewis*, 34 Ala. 643.

WILLIAM CUNNINGHAME, for appellee. The bill has equity.—*Dallas County v. Timberlake*, 54 Ala. 405; *Lott v. Mobile County*, 79 Ala. 74; *Sumter County v. Mitchell*, 85 Ala. 319; *Jackson County v. Derrick*, 117 Ala. 349; *Self v. Blount County*, 124 Ala. 193. Complainant had a right to maintain the bill.—Secs. 1549, 1707, subd. 2473, and 5490, Code 1907; *Morrow v. Wood*, 56 Ala. 1. The bill was sufficient as a bill for discovery. —*Pollack v. Claflin*, 138 Ala. 650; *Worthington v. Miller*, 134 Ala. 420; *Continental L. I. Co. v. Webb*, 54 Ala. 688. There was no misjoinder.—*Lott v. Mobile County, supra; Self v. Blount County, supra.*

ANDERSON, J.—Equity will not, as a rule, entertain a bill for an accounting, where the accounts are not mutual and are all on one side, unless there be matters of great complication and difficulties in the way of adequate relief at law.—*Hulsey v. Walker County*, 147 Ala. 501, 40 South. 311; *Pollak v. Claflin Co.*, 138 Ala. 644, 35 South. 645; Pomeroy's Eq. vol. 4, § 1421 (3d Ed.); *Crichton v. Hayles, Infra*, 57 South. 696. It may be that this special tax could be recovered in a suit at law, less credits for disbursements of same by the respondent; but the bill sets up facts which would render an accounting quite complicated and difficult in a court

[Compton, et al. v. Gilder, County Superintendent.]

of law, and almost, if not quite, impossible. It sets up a series of receipts and commingling of two separate and distinct funds, as well as the indiscriminate disbursement in part, as well as an appropriation or defalcation as to a part of same and seeks relief by way of recovery upon two separate and distinct bonds. The complainant could no doubt prove the amount received by the respondent, and it would be incumbent upon him to show the credits by way of disbursements, yet the complainant avers that complications will arise over the nature and character of said disbursement to such an extent that it will require a court of equity to ascertain and determine the correctness of same; that while the respondent could produce teachers' receipts, or show payment covering a period of years to from 50 to 100 teachers, yet the said payments were made from both funds indiscriminately, and that the account, as shown by the respondent's books, does not disclose the sums as disbursed from the two funds separately, and which said fact cannot be ascertained, except by an accounting and discovery, and which is not only essential to an ascertainment of the amount due upon the special tax or fund, but which is also necessary to determine the proportionate liability under the bonds, respectively. We think the demurrer for want of equity was properly overruled, as the bill not only shows a complication of account, but seeks the establishment of facts by discovery, not in the possession of the complainant, and which he cannot prove or establish without a discovery.

The decree of the law and equity court is affirmed.
Affirmed.

DOWDELL, C. J., and SIMPSON, SAYRE, and SOMERVILLE, JJ., concur. MCCLELLAN and MAYFIELD, JJ., not sitting.