# Cross *v.* Watson.

### Partition.

(Decided May 11, 1916.   Rehearing denied June 30, 1916.
72 South. 394.)

**1. Partition; Parties; Non Joinder; Adverse Use.**—In an action for a sale of land for division among tenants in common, the husband of one of the defendants who was in the exclusive adverse possession of the land, claiming it as his own, and not one of the alleged tenants in common, was not a proper party to the proceedings, since the proceedings could have no effect upon his claim or title.

**2. Same; Jurisdiction.**—In such an action the adverse claim by the husband of a defendant, coupled with possession, did not oust the jurisdiction of the probate court to make a decree of sale for division among those who, apart from any question as to the claim of the husband of one of defendants, were the admitted owners of the property in undivided moieties.

**3. Equity; Reception of Evidence; Statute.**—Under § 5225, Code 1907, in an action for sale of land for division among tenants in common, where all the defendants except one, permitted the case to go by default, evidence taken by deposition filed after legal service on all the defendants was taken as in chancery cases within the meaning of said section, although chancery rule 49 provides that depositions cannot be taken by either parties until the cause is at issue by sufficient answers, or by decree pro confesso as to all the defendants, since a decree pro confesso has no place in practice in probate courts.

APPEAL from Lawrence Probate Court.

Heard before Hon. J. C. KUMPE.

Action by Lizzie Watson against Mary Cross and others for a sale of land for division among tenants in common.   From a decree for the plaintiff, the named defendant appeals.   Affirmed.

G. O. CHENAULT, for appellant.   J. M. IRWIN, for appellee.

SAYRE, J.— (1, 2)  This was a petition to the probate court for a sale of land for division among tenants in common.   The defendant Mary Cross suggested in her answer that Minus M. Cross was in the exclusive adverse possession of the land, claiming it as his own.   Minus M. Cross was not one of the alleged tenants in common.   He was the husband of the defendant Mary Cross.   On these facts it would not have been proper to make him a party, and of course the proceeding could have no effect

upon his claim of title; but the existence of his claim in these conditions did not oust the jurisdiction of the probate court to make a decree of sale for division among those who, apart from any question as to his claim, were the admitted owners of the property in undivided moieties.—*Hillens v. Brinsfield,* 108 Ala. 605, 18 South. 604.

The decree recites that the testimony was taken upon interrogatories by depositions as in chancery cases; and so it was.— Code, § 5225. The record shows that this was done after legal service had been perfected on all the defendants. Appellant filed a formal answer. The other defendants allowed the proceeding to go by default. Appellant objected, and the objection is here renewed, that the cause was not ripe for the taking of depositions, citing chancery court rule 49, which provides that: "Testimony cannot be taken by either party until the cause is at issue by sufficient answer, or decree pro confesso, as to all the defendants."

(3) The cause was put at issue by service of process and the expiration of the time limited for answer. It is scarcely necessary at this day to note that in the court of chancery, where frequently relief depended upon the discovery to be elicited from the defendant by his answer, the practice in respect to the decree pro confesso grew up out of the necessity, or at any rate the propriety, of a formal decree adjudging the refractory defendant to be in contempt before resorting to summary process to compel him to appear and answer, and that now it stands as a formal admission of the complainant's case. It has no place or function in the practice of the probate court. Evidence in the probate court is taken as in chancery cases, within the meaning of section 5225 of the Code, when it is taken by deposition in answer to interrogatories filed.

It was considered and decreed in the court below that the lands in controversy could not be equitably divided among the parties to the cause without a sale. The evidence has been examined, and we have found no reason for doubting the correctness of the decree, nor any why the objections to the interrogatories propounded to elicit the facts should have been sustained.

There is no error in the record.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.