[Reilly v. Woolbert.]

# Reilly *v.* Woolbert.

### Accounting Between Partners.

(Decided May 18, 1916.   72 South. 10.)

1. **Partnership; Settlement; Bill.**—A bill for an accounting between partners which alleges that complainant purchased an undivided one-tenth interest in the coal mining business of respondent, and paid the stipulated purchase price, sufficiently alleged the partnership with all its legal incidents, and was not rendered demurrable because it did not contain a contractual specification of these incidents.

2. **Same.**—Where a partner is excluded from participation in the firm business he is entitled in equity to an accounting and settlement whether the nature of the account be simple or complicated.

3. **Accounting; Pleading.**—A bill for an accounting between a debtor and creditor alleging that respondent's indebtedness to complainant is by a complicated account consisting of numerous items of debit and credit, each month for many years, does not sufficiently allege a complicated account, and is demurrable.

4. **Same; Complicated Mutual Account.**—Numerous items of debit and credit extending over a period of years does not constitute a complicated mutual account in such sense as to confer equitable jurisdiction for an accounting between debtor and creditor.

5. **Frauds; Statute of; Demurrer.**—Where that fact does not appear upon the face of the pleading, a bill alleging a partnership in land and praying for an accounting is not rendered demurrable on the ground that the partnership contract was not in writing as required by the statute of frauds.

6. **Same; Interest in Lands; Partnership.**—An oral agreement for the purchase of an interest in the partnership consisting wholly or partly of land, is in violation of the statute of frauds as it involves title to real estate.

APPEAL from Blount Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by S. A. Woolbert against Andrew J. Reilly and others for an accounting and to declare interest in partnership lands. From a decree for plaintiff, defendant named appeals. Reversed, rendered, and remanded.

The bill of complaint as last amended shows that in April, 1905, the respondent Reilly owed complainant, Woolbert, $2,-419.76, for mining coal from respondent's land, which was operated as the Fairchilds Coal & Coke Company; that in that month it was mutually agreed that complainant should have a one-tenth interest in the business of the said company for every

$3,000 paid therein or put into said business; that the above "amount then due and owing complainant as aforesaid was to be applied as part payment on the first one-tenth interest to be acquired by complainant under the said contract;" that, beginning May 1, 1905, complainant was to become superintendent of the mine, on a salary of $80 a month until the output exceed 100 tons a day, and $100 a month thereafter; that complainant could draw $50 a month of his salary, and "whatever sum became due him under his contract for services, as such superintendent, and not taken by him otherwise, should be applied on his purchase of an interest in said business as aforesaid; that by August, 1906, he had paid in $3,000 for a one-tenth interest in the business, and by October 31, 1910, he had paid in $6,046.71, and was entitled to a two-tenths interest; and that on that date respondent excluded him from participation in the business, and thereafter continued the business and refused to make any settlement with complainant.  It is further alleged that respondent owned certain described real estate at the time of said agreement, and afterward purchased for the company with its funds other described land, and that it was agreed that these lands and complainant's money contributions should be the joint property of the partners on the basis of their respective interest.  The prayers, are, in substance:   (1) For an ascertainment of complainant's interest in the business, and a dissolution and a settlement thereof; and (2) for a sale of the land and distribution of the assets between the parties, or for a final accounting, dissolution, and settlement of the partnership, or, if not entitled as a partner for an accounting, to ascertain what sum is due from respondent to complainant.

The demurrer to the bill in whole and in its separate parts was overruled.  Several special pleas setting up the statute of frauds were held insufficient.  The answer admits an executorial agreement under which plaintiff was to purchase a one-tenth interest in the business in the manner specified, but denies that it ever became effectual by his payment of the stipulated price or otherwise, and denies any indebtedness to complainant, or any interest of his in the business or in the lands owned or purchased by respondent.  On submission on pleadings and evidence, the chancellor decreed that a partnership existed between complainant and respondent from May 1, 1905, to January 1, 1912, in the proportionate interest of 1 to 9, respectively, and ordered

an accounting in the partnership business by reference to the register.

STERLING A. WOOD, and GEO. W. DARDEN, for appellant. M. L. WARD, and W. H. SMITH, for appellee.

SOMERVILLE, J.— (1) If the allegations of the bill are true, a partnership existed between complainant and respondent from August 1, 1906, by virtue of the completed payment by complainant of the stipulated price for a one-tenth interest in respondent's coal mining business. Such a purchase, by necessary implication, creates a partnership, with all of its legal incidents, and a contractual specification of those incidents is wholly unnecessary. This result is, of course, only upon the face of the bill, and takes no account of the statute of frauds, which will be considered hereafter.

(2) This relation, under the allegations of the bill, would entitle complainant to an accounting and settlement of the partnership business, as an independent equity, regardless of the nature of the account, whether complicated or simple. This is the primary aspect and purpose of the bill, and in this aspect it is not subject to the demurrer.

(3, 4) But there is also an alternative prayer for an accounting between the parties as creditor and debtor merely, in case no partnership is shown; and this rests on the allegation that respondent's indebtedness to complainant "is by a complicated account, consisting of numerous items of debits and credits each month for over five years." This allegation is not sufficient to show either a complicated or a mutual account, so as to necessitate or permit the exercise of an independent chancery jurisdiction in the premises.—*Chrichton v. Hayles,* 176 Ala. 223, 57 South. 696; *Phalim v. Dearman,* 181 Ala. 320, 61 South. 941. It is not sufficient, because numerous items are not necessarily complicated, and because debits and credits do not alone constitute a mutual account. The demurrer to this aspect of the bill was well taken, and should have been sustained.

(5) It does not appear upon the face of the bill that the alleged contract of purchase was not in writing, and hence that ground of demurrer was not well taken.

But as a defense to the entire bill, and to each separate part and aspect of it, respondent pleaded that the alleged agreement

7—196

of purchase was void under the statute of frauds for wanting of a writing. This plea was held insufficient, and a partnership was held to have been created on May 1, 1905, by the parol agreement.

(6) Whatever the rule may be elsewhere, it must be regarded as settled in this state that a verbal agreement for the purchase of an interest in a partnership consisting wholly or partly of lands, involves the title to lands, and is violative of the statute of frauds.—*Butts v. Cooper*, 152 Ala. 375, 383, 44 South. 616— citing *Raub v. Smith*, 61 Mich. 543, 28 N. W. 676, 1 Am. St. Rep. 619, and other cases. The plea was, therefore, a good and sufficient answer to the bill as a bill to establish and settle a partnership, and the chancellor erred in holding otherwise.

With a proper amendment showing facts which would render an accounting—as between debtor and creditor—too complicated and difficult for an accounting at law, or showing mutual accounts between the parties, the bill may in any event be maintained in that aspect, if supported by proof, without regard to the question of partnership.

The decree of the chancellor, granting relief, will be reversed, and a decree will be here rendered, holding that the demurrer to the complaint as last amended is well taken, and is sustained as to grounds A, B, and C, and that plea 3 was sufficient as to every aspect of the bill except as for an accounting merely, and the cause will be remanded for further proceedings in accordance herewith.

Reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.