[Lee, et al. v. Houston.]

# Lee, *et al. v.* Houston.

### Bill for an Accounting, and Judgment Over.

(Decided December 21, 1916.   73 South. 327.)

**Account; Equity; Action; Jurisdiction.**—Where complainant executed a mortgage to respondents, and respondents foreclosed said mortgage, the property bringing $100, and complainant claimed that respondents had made false and excessive charges, and charged interest largely in excess of 8%, chancery had no jurisdiction of complainant's bill to recover the balance of what the mortgaged property sold for at the foreclosure sale over what was due actually on the mortgage, as his remedy at law was adequate and complete, there being no dispute as to items of credit.

APPEAL from Sumter Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Allen Houston, Jr., against Will and Cliff Lee. From a decree overruling respondents' demurrers to the bill, they appeal. Decree reversed, and cause remanded.

This bill was filed by the appellee against the appellants. Demurrers were interposed thereto, and were by the court overruled. From the decree the respondents prosecute this appeal.

The bill sets up that the complainant executed to respondents two mortgages on certain personal property, to secure advances with which to make crops for the year 1914 and 1915, on land rented from the respondents—the first of said mortgages bearing date March 6, 1914, and the second, March 18, 1915. The bill alleges that respondents furnished complainant goods and provisions, under these mortgages, for the years 1914 and 1915; but avers that false, erroneous, and excessive charges were made against the complainant, such, for instance, as the charge of $1.20, fee for recording the mortgage, when it should have been but 90 cents; the charge of a cotton planter at $3 when the true price was $1.50; the charge of $7 for pasturage whereas the pasturage was to be free; and the charge of $1 per bushel for cotton seed when it should have been only 50 cents. The foregoing charges are alleged to have been entered as of the year 1914, and there are similar averments in regard to the account for 1915. There is no averment as to usurious agreement or contract, but the bill alleges that interest was calculated or

[Lee, et al. v. Houston.]

charged on the account at a per centum largely in excess of 8 per cent. per annum. The bill sets out the account due as claimed by respondents, sets up the false and excessive charges, and shows the true balance to be as insisted by complainant. The bill does not disclose any dispute as to items of credit. It avers that respondents claim a balance due of $111.59, but that such amount includes the erroneous, false, and excessive charges set up in the bill; complainant insisting that there was due only the sum of $53.06. The bill then charges that the respondents took possession of the personal property described in the mortgages and sold it at public outcry to the highest bidder for cash at $100.

The prayer of the bill is for an accounting, and that a decree be entered awarding a judgment to complainant against respondents for the sum of $46.94—the amount representing the difference between the sum actually due on the mortgage and the amount of the purchase price at the foreclosure sale.

PATTON & PATTON, for appellant. PATTON & ALTMAN, for appellee.

GARDNER, J.—The foregoing statement of the case as made by the bill clearly discloses that the averments of the bill are entirely insufficient to give a court of equity jurisdiction upon the theory either of mutuality or of complication of accounts, as insisted by counsel for appellee. We need enter into no discussion of these questions, as we deem a citation of the authorities entirely sufficient.—*Hulsey v. Walker County*, 147 Ala. 501, 40 South. 311; *Gayle v. Pennington*, 185 Ala. 53, 64 South. 572; *Hall v. McKeller*, 155 Ala. 508, 46 South. 460; *Pollak v. Claflin*, 138 Ala. 644, 35 South. 645; *Brothers v. Lee*, 29 Ala. 337.

Reduced to its last analysis, the bill merely charges that there was actually due on the mortgages the sum of $53.06, and that the property sold at a foreclosure sale for $100; and recovery for the balance is sought. Under such circumstances, if complainants have a right to relief, the remedy at law is adequate and complete.—*Perry v. Seals*, 186 Ala. 514, 65 South. 151; *Tompkins v. Drennen*, 95 Ala. 463, 11 South. 638; *Draper v. Walker*, 98 Ala. 310, 13 South. 595; *Harmon v. Dothan Bank*, 186 Ala. 360, 64 South. 621.

The case of *Compton v. Collins*, 190 Ala. 499, 67 South. 395, upon which the learned chancellor seems to have rested his conclusion, is in our opinion without application to the present case.

The bill in that case sought to exercise the equity of redemption, from a mortgage, as to certain real estate therein described; and also prayed an injunction against the sale of lands, and asked for a discovery and accounting. Moreover, it charged an usurious agreement. No such situation is presented in the case at bar. The equity of the bill in the *Compton-Collins Case* was, of course, not questioned, as the bill came well within equity jurisdiction.

We conclude, therefore, that the bill was without equity, and that the demurrers thereto should have been sustained.

The decree is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.